## JENKINS et al. v. CLAPP.
### No. 2083.

Court of Civil Appeals of Texas. Waco.

June 9, 1938.

Darden, Burleson & Wilson, of Waco, and Seale & Seale, of Centerville, for appellants.

Burris & Benton, of Houston, and Bennett & Bennett, of Normangee, for appellee.

ALEXANDER, Justice.

The above cause has been appealed to this court on an ordinary appeal or cost bond. The appellee has filed herein a motion to require a new appeal bond or to dismiss the suit on account of the insolvency of Republic Underwriters, surety on the appeal bond. In connection with the application, affidavits have been presented showing that Republic Underwriters is insolvent.

We do not find any specific statute authorizing this court to require a new appeal bond in the event the surety becomes insolvent pending the appeal, where the appeal has been perfected by ordinary cost bond. We believe, however, that R.S. arts. 2272, 2273 and art. 2274, Vernon's Ann.Civ. St. art. 2274, relating to supersedeas bonds, throw some light on the question. Art. 2272 provides that where an appeal has been perfected by supersedeas bond and such bond afterwards becomes insufficient by reason of the insolvency of the sureties, the court may require the giving of a new supersedeas bond. Arts. 2273 and 2274 read as follows: "Upon failure to comply with the rule of the court ordering the execution of said additional supersedeas bond within a period of twenty days after such order is served, the court in which said appeal or writ of error is pending shall issue an order to the trial court, directing or permitting the issuance of execution on the judgment appealed from; but said appeal or writ of error shall not be dismissed, but continued upon the docket as if said cause had been appealed or writ of error granted upon cost bond, provided the clerk of the court in which said appeal or writ of error is pending is satisfied that the original bond is still sufficient when considered as a cost bond."

Art. 2274: "[But] in the event that [the] said clerk shall consider the said original supersedeas bond insufficient when considered as a cost bond, then the said appeal or writ of error shall be dismissed, unless the appellant or the plaintiff in error within twenty days after notice served by the clerk that the said bond is deemed insufficient for the purposes of cost bond, shall execute a new bond satisfactory to said clerk, sufficient to secure the payment of the costs theretofore accrued, or that might thereafter accrue in the further prosecution of the said appeal or writ of error. The giving of said additional original bond or bonds shall not release the liability of the sureties on the original supersedeas bond."

The provisions of Art. 2274, directing that a new bond be required or the appeal dismissed, in the event the old supersedeas

bond is insufficient as a cost bond, indicates legislative intent that, in the event any appeal bond becomes insufficient as an ordinary cost bond by reason of the insolvency of the surety thereon, the court shall require the giving of a new bond or dismiss the appeal.

It appears without dispute that Republic Underwriters, surety on the appeal bond in this case, has become insolvent. The appellants will be allowed twenty days after service of notice of this order in which to execute and file in this court a new bond to be approved by the clerk of this court. In the event of their failure to do so, the appeal will be dismissed.